**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| JOSE ORLANDO AQUINO AGUIRRE, | ) | |
| *Petitioner*, | ) | |
| v. | ) | 1:26-cv-3044 (PTG/WEF) |
| NEY HIDALGO, *et al.*, | ) | |
| *Respondents*. | ) | |

# ORDER

This matter comes before the Court on Petitioner Jose Orlando Aquino Aguirre's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen of El Salvador, who entered the United States without inspection in July 2021. *Id.* ¶¶ 2-3. According to the Petition, on or about September 3, 2026, Petitioner was arrested and taken into local custody. *Id.* ¶ 2. Petitioner has since been detained at the Caroline Detention Center in Virginia, which is within this Court's jurisdiction. *Id.* Petitioner now brings suit against Ney Hidalgo, Warden of the Caroline Detention Facility, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 30-37.

Respondents state that in light of the Fourth Circuit's recent decision in *Lopez Garcia*, Petitioner may request a bond hearing before the Immigration Court. Dkt. 5. Respondents concede that *Lopez Garcia* held that "Section 1226, not Section 1225, applies to noncitizens who, like the Petitioner[], have been present in the United States . . . regardless of how they entered our country." *Id.* (quoting *Lopez Garcia v. Guadian*, __ F.4th __, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026).

The Petition alleges, and Respondents do not dispute, that Petitioner has continuously resided in the United States since his entry into the country in July 2021.[1] Dkt. 1 ¶ 3. Upon consideration of the Petition (Dkt. 1) and Respondents' Opposition (Dkt. 5), it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order.[2] Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 14th day of September, 2026.
Alexandria, Virginia

/s/
**Patricia Tolliver Giles**
**United States District Judge**

---

[1] Additionally, Respondents do not raise any issue of criminal history that should preclude Petitioner's request for immediate release.

[2] When Petitioner files a notice of his fixed address, he should make such filing under seal.